# COURT OF APPEALS OF VIRGINIA

## Record No. 0716-25-4

SANTIQUE KANU, JR.
v.
TOWN OF HERNDON

Present: Chief Judge Decker, Judges AtLee and Callins

Opinion Issued July 21, 2026[*]

## FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

(Elizabeth Tuomey; Tuomey Law Firm, PLLC, on briefs), for appellant.

(Raymond Starks-Taylor; Steven D. Briglia; Briglia Hundley, P.C., on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

Santique Kanu, Jr., appeals his conviction for driving while intoxicated, first offense, in violation of a Town of Herndon ordinance. *See* Herndon, Va., Code § 42-3; Code § 18.2-266. He challenges his conviction on the grounds that the trial court erroneously deprived him of his Sixth Amendment right to counsel and denied his motion for a continuance. Kanu also argues that the evidence was insufficient to sustain his conviction. We disagree and affirm the trial court's decision.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND[2]

This case stems from an appeal to the circuit court from the general district court. The matter was set for a trial de novo in the circuit court on January 16, 2025. On that date, the trial court granted a joint continuance request. Kanu wanted more time to obtain counsel. He expressed his intention to hire an attorney and confirmed that he had the funds to do so. At that time, Kanu specifically acknowledged that he was "not asking for court[-]appointed counsel." The court provided a waiver-of-representation form, telling Kanu that the "form sa[id he was] knowingly and intentionally giving up [his] right to a lawyer on the trial date." The court directed Kanu to read the form and sign it if he "agree[d] with it." He agreed that he understood that if he appeared for trial without his retained counsel, "the waiver of the right to be represented by a lawyer" would "go into effect."[3] The court then continued the trial until February 19, 2025. It set the matter for a jury trial and advised that the case would not be continued again.

On February 7, 2025, shortly before the scheduled trial, the parties appeared for "calendar control." Kanu moved to continue the trial and requested that it be set for a bench trial. The court granted these motions, continuing the matter for a bench trial on February 27, 2025.

On the date of trial, Kanu appeared in court, once again, without an attorney. He explained that he had retained attorney Manuel Leiva to represent him, but Leiva was not present. The trial court stated that it was not inclined to grant another continuance because Kanu

---

[2] "Consistent with familiar standards of appellate review, '"the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court,"'" in this case, the Town of Herndon. *Commonwealth v. Richerson*, ___ Va. ___, ___ (Apr. 23, 2026) (quoting *Nelson v. Commonwealth*, 281 Va. 212, 215 (2011)) (reviewing the sufficiency of the evidence); *see Bailey v. Commonwealth*, 73 Va. App. 250, 254 (2021) (affirming trial court's denial of a motion to continue).

[3] This document is not in the record, and the transcript does not make clear that Kanu signed it.

had already executed a waiver-of-representation form and the matter had already been continued multiple times. The prosecutor represented to the court that he had spoken with Leiva and Leiva advised that, in fact, he did not represent Kanu.[4]

The court then addressed Kanu, recalling that he had signed a form waiving his right to counsel. Noting that the "case should have been tried a year and a half ago," the court concluded that Kanu was "gaming the system" by asking for repeated continuances. However, the waiver form could not be located in the court records, so the trial court continued the matter one final time.

Kanu was provided with another waiver-of-representation form and told to read it. The form indicated that Kanu understood that he had a right to be represented by an attorney. It further represented that he understood "how a lawyer can be helpful in my case and that if I choose to go to trial without a lawyer I may face complicated legal issues." The form then provided, in bold,

> **I waive (give up) all of my rights to be represented by a lawyer in this case and I understand that I will go to trial without a lawyer. I waive (give up) my rights by my own choice, voluntarily, of my own free will, without any threats, promises, force or coercion.**

The trial court then engaged in the following colloquy with Kanu:

> THE COURT: So are you prepared to sign that form now or did you have any other questions for me?
>
> THE DEFENDANT: So I can still hire my own attorney?
>
> THE COURT: You can under the conditions I said, which is this case is going to trial --
>
> THE DEFENDANT: That day.
>
> THE COURT: -- on that date.

---

[4] The trial court also interviewed Kanu to determine whether he qualified for a court-appointed counsel but found that he did not qualify.

Kanu signed the waiver form. The court also signed the form beneath the following attestation: "Upon oral examination . . . after having been advised as stated above, I find the Defendant has knowingly, voluntarily and intelligently waived . . . his right[] to be represented by a lawyer and understands that he will be tried on this waiver of counsel if he appears without counsel on March 13, 2025." The court reviewed this quoted language with Kanu and asked if he understood it. Kanu said that he did and initialed that part of the form. The court then continued the case to March 13, 2025. The continuance order provided Kanu could either retain counsel during the interim or proceed without counsel on the scheduled trial date.

On March 13, 2025, Kanu appeared for trial without an attorney. He again requested that the trial be continued. He explained that he had an attorney, Garrett Green, and that the only problem "was the payment." The court asked when payment would be resolved. Kanu indicated that he had deposited the money the previous morning. The court asked the Town of Herndon its position on the requested continuance. The prosecutor opposed a continuance due to the age of the case and the court's prior admonitions. The court denied Kanu's motion to continue, and the trial proceeded.

Officer Timothy Dickson of the Town of Herndon Police Department was the prosecution's sole witness. Dickson testified that, while on patrol with another officer one night, he saw Kanu leaving a local bar with a group. Officer Dickson said that Kanu shouted jokes about the officers being intoxicated. Kanu's speech was slurred, and Dickson described him as "visibly intoxicated" and unsteady on his feet.

Officer Dickson encountered Kanu a second time, about ten minutes later. Kanu was in the driver's seat of a running car in the drive-through lane of a McDonald's. He was "either sleeping or unconscious," although Officer Dickson was able to momentarily wake him by shaking him. A recording of the encounter taken by Dickson's body-worn camera was admitted

- 4 -

into evidence.  Dickson testified that he smelled alcohol, and Kanu's eyes appeared glassy and bloodshot.  Kanu did not perform a field sobriety test, and no breath or blood tests were conducted.

Kanu testified in his defense, saying that he did not drink any alcohol that night.  He said that he saw a group of friends, got a ride back to the McDonald's where he had left his car, and then inexplicably became dizzy while waiting for his food.  Kanu explained that he had never had a dizzy spell like that before.  According to Kanu, he was unaware of any medical condition that would cause it.  He added that he awoke in the ambulance unsure of what had happened.

Finding that Kanu "consum[ed] alcohol to a point of excess," the trial court found him guilty of driving while intoxicated.[5]  He was sentenced to 180 days in jail, with 170 days suspended.

ANALYSIS

I.  Waiver of Right to Counsel

Kanu argues that the trial court erred by finding that he waived his right to counsel.  He also contends the trial court violated his constitutional right to counsel by denying his motion to continue to allow him to retain an attorney.

In pertinent part, the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defence."  U.S. Const. amend. VI.  This "guarantee 'is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process.'" *Walker v. Commonwealth*, 71 Va. App. 665, 672 (2020) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)).  The Sixth Amendment mandates that a criminal defendant have a "fair

---

[5] Although Kanu was convicted of driving while intoxicated, first offense, the Town of Herndon provided evidence that he had a prior conviction of driving while intoxicated from 2018.  The trial court found Kanu not guilty of unreasonably refusing a sobriety test.

opportunity to secure counsel of his own choice to represent him or, if . . . indigent, that representation will be made available to him by the court." *Id.* (citation omitted).

But a defendant may waive this right. *Id.* at 672-73; *see Van Sant v. Commonwealth*, 224 Va. 269, 273 (1982) (recognizing that "just as an accused has a constitutional right to be represented by counsel at trial for an offense for which imprisonment may be imposed, he has a right not to be represented by counsel if he so desires"). "[A] valid waiver of a defendant's fundamental right to counsel must be voluntary and constitute a knowing, intelligent abandonment of the right . . . ." *McNair v. Commonwealth*, 37 Va. App. 687, 696 (2002) (en banc).

Kanu argues that his waiver was not valid because his signature on the waiver form was not voluntary and the trial court did not fully advise him "of the dangers and disadvantages of self-representation." This Court reviews de novo whether a defendant's Sixth Amendment right to counsel was violated. *Walker*, 71 Va. App. at 672. And whether a defendant has been given a "fair opportunity to secure representation" as guaranteed by the constitution is a "case specific inquiry." *McNair*, 37 Va. App. at 696. At the same time, this Court applies "every reasonable presumption against waiver of counsel." *Blue v. Commonwealth*, 49 Va. App. 704, 711 (2007) (quoting *McNair*, 37 Va. App. at 698). In light of this presumption, "[t]he burden rests upon the party relying on a waiver to prove the essentials of such waiver by clear, precise and unequivocal evidence." *Id.* (quoting *White v. Commonwealth*, 214 Va. 559, 560 (1974)). In this case, the burden fell to the prosecution.

A defendant's waiver of his constitutional right to counsel may be express or "inferred from [his] conduct." *See Walker*, 71 Va. App. at 673. An inferred or de facto waiver takes into account "the defendant's conduct in its entirety, together with all the other circumstances of the case, that support the conclusion his . . . conduct tended to unreasonably and unjustifiably delay

- 6 -

trial." *Id.* (quoting *Bailey v. Commonwealth*, 38 Va. App. 794, 803 (2002)). The right to counsel "does not grant [a] defendant license to play a cat and mouse game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." *McNair*, 37 Va. App. at 696 (alteration in original) (quoting *United States v. Hughes*, 191 F.3d 1317, 1323 (10th Cir. 1999)). Rather, the right "is limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.'" *Bolden v. Commonwealth*, 11 Va. App. 187, 190 (1990) (quoting *Paris v. Commonwealth*, 9 Va. App. 454, 460 (1990) (alteration in original)). Consistent with these principles, "[a] trial judge has broad discretion in determining whether a continuance to obtain counsel is necessary . . . to preserve the accused's right to assistance of counsel." *Feigley v. Commonwealth*, 16 Va. App. 717, 721 (1993).

In this case, it is undisputed that Kanu signed at least one waiver-of-representation form that on its face unequivocally provides that he waived his right to counsel if he failed to hire an attorney before the trial date. The signed form complied with Code § 19.2-160.[6] And case law specifically dictates that compliance with the statute may "establish a prima facie case of waiver." *Bolden*, 11 Va. App. at 193 (explaining that "non-compliance may make it more difficult for the [prosecution] to meet its burden" but "alone does not prove that the [prosecution] has failed to meet its burden of proving that the defendant waived his right to counsel").

---

[6] Code § 19.2-160 provides that when a defendant "desires to waive his right to counsel, and the court ascertains that such waiver is voluntary and intelligently made, then the court shall provide the accused with a statement to be executed by the accused to document his waiver." The statute directs that the particular form be "designed and provided by the Supreme Court." Code § 19.2-160. The waiver form Kanu signed in this case is the Fairfax County Circuit Court's version of the one provided by the Supreme Court of Virginia. The trial judge added in handwriting at the bottom that Kanu "underst[ood] that he will be tried on the waiver of counsel if he appear[ed] without counsel on March 13, 2025." Kanu does not suggest that the form itself was deficient or noncompliant.

Here, this Court need not and should not evaluate whether the prosecution met its burden establishing that Kanu *expressly* waived his constitutional right to counsel because we conclude that the best and narrowest ground on which to resolve the issue is *de facto* waiver. *See generally Commonwealth v. Holland*, 304 Va. 34, 49 (2025). Accordingly, this decision does not address whether the record adequately establishes that Kanu's express waiver was valid, and instead we turn to whether the record demonstrates a de facto waiver.

In determining whether Kanu's conduct constituted a de facto waiver of his right to counsel, we consider his signed waiver form in conjunction with his "conduct in its entirety, together with all the other circumstances of the case." *See Walker*, 71 Va. App. at 673 (quoting *Bailey*, 38 Va. App. at 803). He was repeatedly warned that if he appeared on the date of trial without counsel, he would have to proceed *pro se*. Even after three continuances, Kanu still did not have an attorney. He provided little explanation why, almost eighteen months after his arrest, he lacked representation.[7] The fact that Kanu stated that he had an attorney—a representation that appeared to be false—further supports the conclusion that he was acting in bad faith and seeking to prevent the resolution of the case against him. *See McNair*, 37 Va. App. at 695 (recognizing that the right to counsel "is not a right subject to endless abuse by a defendant"). Balancing Kanu's right to counsel against the Town of Herndon's countervailing interest in proceeding "on an orderly and expeditious basis," the record shows that the prosecution met its burden of demonstrating by clear and unequivocal evidence that Kanu waived his right to counsel through his conduct. *See Bolden*, 11 Va. App. at 190 (quoting *Paris*,

---

[7] In his reply brief, Kanu argues that he was unable to secure counsel due to lack of funds, despite his repeated assurances to the trial court that he was able to hire an attorney, and suggests the trial court erred in failing to appoint counsel to represent him. But he never assigned error to this ruling by the trial court and failed to raise this contention in his opening brief, so we do not consider this question. *See* Rule 5A:20.

9 Va. App. at 460).  Under the circumstances of this case, the trial court properly concluded that Kanu was intentionally and unreasonably delaying the trial.[8]

It is true that this appeal bears certain factual similarities to *Blue v. Commonwealth*, 49 Va. App. at 716, in which this Court reversed a finding by the trial court that the defendant waived his right to counsel through his conduct.  But important differences between these two cases require a different outcome here.  In *Blue*, the defendant not only expressed an interest in retaining counsel—he did so. *Id.* at 712.  Unfortunately for him, his counsel had to surrender her license to practice law and failed to return his retainer. *Id.* at 708, 712.  Given this development, as well as changes in Blue's financial circumstances, he could not retain an attorney despite his desire to do so. *Id.* at 709, 712, 714.  This Court concluded that the "record d[id] not support the finding that Blue's conduct . . . viewed in its entirety[] was calculated to prevent his trial from . . . occurring." *Id.* at 714.

In contrast, here, the trial court gave Kanu two different deadlines allowing him considerable time to secure counsel, and Kanu acknowledged those deadlines.  The case was continued three times, and the trial took place around eighteen months after Kanu's arrest for driving while intoxicated.  Yet Kanu did not manage to retain counsel.  We hold, based on the record before us, that the trial court did not err by denying Kanu's motion for a continuance to allow him more time to obtain legal representation.

For these reasons, we hold Kanu waived his right to counsel, and the trial court did not violate his constitutional right to an attorney.

---

[8] While the "better practice" may have been for the trial court to specifically recite facts on the record showing how Kanu's conduct demonstrated an unequivocal intent to relinquish his right to counsel, the court's failure to expressly do so is not reversible error, especially when, as here, the trial court's reasons for concluding that Kanu had waived his right to counsel "are apparent from the record." *Walker*, 71 Va. App. at 677 (quoting *McNair*, 37 Va. App. at 697).

## II. Denial of the Fourth Motion for a Continuance

Kanu argues that the decision of the trial court should be reversed because the denial of his final request for a continuance constituted an abuse of discretion and the Town of Herndon failed to demonstrate how it was prejudiced by his request.

Generally, the decision to deny a continuance request "is within the sound discretion of the [trial] court." *Herrington v. Commonwealth*, 291 Va. 181, 190 (2016) (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 722 (2008)); *Johnson v. Commonwealth*, 83 Va. App. 324, 343 (2025) (quoting *Bailey v. Commonwealth*, 73 Va. App. 250, 259 (2021)). The abuse-of-discretion standard "rests on the venerable belief that the judge closest to the contest is the [one] best able to discern where the equities lie." *Thomas v. Commonwealth*, 82 Va. App. 80, 118 (2024) (en banc) (quoting *Commonwealth v. Barney*, 302 Va. 84, 94 (2023)).

To obtain a reversal, Kanu must demonstrate both an abuse of discretion and resulting prejudice.[9] *See Reyes v. Commonwealth*, 297 Va. 133, 140 (2019).

The trial court did not abuse its discretion in denying Kanu's request. Nearly eighteen months elapsed between the offense and the trial. During this time, the trial court granted a joint request for a continuance, in part because Kanu had not yet obtained counsel. Subsequently, Kanu received two more continuances, one to allow him additional time to retain an attorney. During one of the hearings, Kanu represented that he had hired a particular attorney. However, the prosecutor proffered that he had spoken with the attorney and that person did not actually represent Kanu. At the time of the third continuance, Kanu agreed that he would obtain counsel by the trial date or proceed *pro se* and signed a document to that effect. The day of the trial, the court learned that Kanu had not yet secured an attorney and wanted another continuance so he

---

[9] To be clear, when a trial court erroneously denies a defendant his right to counsel, the constitutional violation alone constitutes prejudice. *Reyes v. Commonwealth*, 68 Va. App. 379, 386 (2018), *aff'd*, 297 Va. 133 (2019).

could do so.  Under these circumstances, the trial court did not abuse its discretion by denying the motion to continue.[10]  *See Feigley*, 16 Va. App. at 721 (affirming the denial of a continuance when the appellant waited until the day of trial to request one).

Kanu briefly references *Gilchrist v. Commonwealth*, 227 Va. 540, 546 (1984), and *London v. Commonwealth*, 49 Va. App. 230, 238-39 (2006), to support his argument.  In *Gilchrist*, 227 Va. at 546, the Supreme Court of Virginia reversed a conviction because the trial court refused to grant a continuance so that the defendant could prepare for trial.  But *Gilchrist* was a first-degree murder case in which the defendant had only fifteen days from the date of the indictment to prepare for trial.  *Id.*  As a result, it is readily distinguishable from this case.  Similarly, Kanu's reliance on *London* is misplaced.  In that case, this Court reversed a trial court for denying a continuance given that the defendant had not requested any "prior continuances" and "his family had actually retained" new counsel.  *London*, 49 Va. App. at 239.  In contrast, here, Kanu had already obtained multiple continuances, was warned about a final continuance, and still lacked legal representation.

As a result, the record does not demonstrate that the trial court abused its discretion by denying Kanu's *fourth* motion for a continuance.

### III.  Sufficiency of the Evidence

Kanu argues that the evidence against him was circumstantial and was insufficient to prove beyond a reasonable doubt that he was under the influence of alcohol.  We disagree.

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one."  *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).

---

[10] "[H]aving held that the trial court did not abuse its discretion in denying the continuance, we need not reach the issue of whether [Kanu was] prejudiced by the denial." *Reyes*, 68 Va. App. at 389 n.6.

"[T]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Sample v. Commonwealth*, 303 Va. 2, 16 (2024) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). In such cases, the "appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Cappe v. Commonwealth*, 304 Va. 86, 87 (2025) (per curiam) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, the "limited task" for this Court on appeal is "determining 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cuffee v. Commonwealth*, ___ Va. ___, ___ (Apr. 16, 2026) (quoting *Garrick*, 303 Va. at 182). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact.'" *Bennett v. Commonwealth*, 84 Va. App. 607, 619 (2025) (quoting *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020)); *accord Commonwealth v. Richerson*, ___ Va. ___, ___ (Apr. 23, 2026).

With this standard of review in mind, we turn to the specific challenge to the sufficiency of the evidence presented here.

Code § 18.2-266 proscribes driving a motor vehicle while intoxicated or under the influence of alcohol or drugs.[11] The purpose of this statutory provision is to prohibit driving when "the driver's ability . . . to operate safely a motor vehicle" is impaired due to the use of alcohol, narcotics, or other intoxicants. *Hogle v. Commonwealth*, 75 Va. App. 743, 753-54 (2022) (quoting *Thurston v. City of Lynchburg*, 15 Va. App. 475, 483 (1992)). One method by which the Commonwealth can prove this element is by establishing that the driver's

---

[11] The Town of Herndon has adopted Code § 18.2-266 as a local ordinance. *See* Herndon, Va., Code § 42-3(a), (b).

consumption of alcohol was "enough . . . to 'so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation.'" *Id.* (quoting *Thurston*, 15 Va. App. at 483). "In determining whether a defendant was [intoxicated or] under the influence, a factfinder considers 'all of the evidence of his condition at the time of the alleged offense.'" *Id.* at 754 (quoting *Leake v. Commonwealth*, 27 Va. App. 101, 109 (1998)). Results from a breath or blood test are not necessary to prove driving while intoxicated. *Richerson*, ___ Va. at ___.

Here, the Town of Herndon introduced testimony from Officer Dickson that Kanu was unconscious and smelled of alcohol and that, just ten minutes earlier, he showed signs of intoxication while leaving a bar. Viewed in the light most favorable to the Town of Herndon, this evidence is more than sufficient to establish beyond a reasonable doubt that Kanu was intoxicated when Officer Dickson arrived in the parking lot. *See id.* at ___ (affirming a conviction for driving while intoxicated despite the lack of chemical or scientific evidence of intoxication).

Kanu disagrees with this conclusion. He contends that, given his testimony that he did not consume any alcohol at all, it was possible that someone spilled a drink on him and that he suffers from an "unknown medical condition causing him to fall asleep at the wheel." But this argument fails because the trial court was not required to believe Kanu's testimony at trial. *See Leake*, 27 Va. App. at 111 (holding "the trial judge was not required to believe that Leake had consumed only two beers in the twelve hours before his arrest or that dyslexia or a depth perception problem was the cause of Leake's unsteadiness and difficulty in reciting the alphabet"). Further, no evidence at trial indicated that anyone spilled a drink on him. *See Commonwealth v. Mahoney*, ___ Va. ___, ___ (June 11, 2026) (recognizing that whether a hypothesis of innocence is reasonable is a question of fact); *Williams v. Commonwealth*, 82

Va. App. 639, 654 (2024) ("The Commonwealth . . . 'need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'" (quoting *Young v. Commonwealth*, 70 Va. App. 646, 653 (2019))).  As a result, the trial court could reasonably conclude, notwithstanding Kanu's testimony and argument to the contrary, that he was guilty of driving while intoxicated within the meaning of Code § 18.2-266. *See Richerson*, ___ Va. at ___.

CONCLUSION

We hold that the trial court did not err by concluding that Kanu waived his right to counsel or by denying his motion for a continuance.  And the evidence was sufficient to prove that Kanu drove while intoxicated.  Accordingly, we affirm the conviction.

*Affirmed.*